# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WALTER E. HYDE,

               Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

               Agency.

DOCKET NUMBER
DA-0845-14-0491-I-1

DATE: February 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Walter E. Hyde, Killeen, Texas, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of a reconsideration decision issued by the Office of Personnel Management (OPM). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The administrative judge dismissed this appeal for lack of jurisdiction because OPM rescinded the reconsideration decision that was the subject of this appeal, and the appellant failed to respond to the administrative judge's order to show cause why the case should not be dismissed.  Initial Appeal File (IAF), Tab 10 at 4, Tab 11, Tab 12, Initial Decision (ID) at 2.  The appellant has filed a petition for review of the initial decision, arguing the merits of his appeal without addressing the issue of jurisdiction before the Board.  Petition for Review (PFR) File, Tab 1.  OPM has responded in opposition to the appellant's petition.  PFR File, Tab 4.

¶3        The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The Board generally has jurisdiction to adjudicate an individual's rights and interests under the Civil Service Retirement System only after OPM has rendered a final or reconsideration decision on the issue in question.  *See* 5 U.S.C. § 8347(d)(1); 5 C.F.R. § 831.110.  However, the Board may assume jurisdiction

under particular circumstances if OPM has failed to render a final decision or improperly denied the individual an opportunity for reconsideration. A "final decision" is a decision OPM issues after a request for reconsideration of an initial decision, or a decision OPM designates as final. *See* 5 C.F.R. § 831.109(f). In either case, the decision should set forth the individual's Board appeal rights. *See id*. The appellant has the burden of proving jurisdiction by preponderant evidence. *See* 5 C.F.R. § 1201.56(a)(2).

¶4 In this case, the administrative judge dismissed the appeal because OPM rescinded its reconsideration decision. ID at 2. We note that, in the letter rescinding the reconsideration decision, OPM agreed to issue a new final decision addressing the appellant's concerns and provide new appeal rights. IAF, Tab 10 at 4. On review, the appellant submits no evidence or argument indicating that OPM has completed its proceedings and issued a final decision or a new reconsideration decision with appeal rights. Moreover, he does not dispute that OPM rescinded its May 19, 2014 reconsideration decision, which divested the Board of jurisdiction over this appeal. *See Tamayo v. Office of Personnel Management*, 56 M.S.P.R. 620, 622 (1993). Because the appellant has shown no basis for finding jurisdiction over his appeal, we deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.